UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MATTHEW SAYDYK, | No. 2:14-cv-2387 MCE CKD P (TEMP) |
| Petitioner, | |
| v. | ORDER |
| MARION SPEARMAN, Warden, | |
| Respondent. | |

     Petitioner is state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a September 27, 2011 plea agreement and resulting sentence entered by the Shasta County Superior Court.

     Petitioner was convicted by a jury in case No. 10F2417 of one count of possession of methamphetamine with a prior strike. Immediately after the jury rendered its verdict, petitioner entered into a plea agreement which: (1) resolved his sentence in Case No. 10F2417; (2) resolved another case involving a 2010 DUI causing injury (Case No. 11F1359); and (3) dismissed four other cases. (Clerk's Transcript on Appeal (CT) at 151-56, 159-63.) Under the terms of this agreement petitioner agreed to serve nine years in state prison on case No. 11F1359 and one year, four months in prison on case No. 10F2417. (Id.)

     Petitioner filed an unsuccessful appeal of his conviction for possession of methamphetamine. After his judgment of conviction was affirmed, petitioner filed a petition for

1

1  writ of habeas corpus in the California Supreme Court.  (Resp't's Lod. Doc. 6.)  Therein, he
2  raised the following claims: (1) when he entered into the plea agreement he was under the
3  influence of prescribed pain medication and was unable "to have knowingly entered intelligent
4  plea;" (2) his appellate counsel rendered ineffective assistance in failing to raise a claim that his
5  plea was involuntarily entered; and (3) his trial counsel's absence at "critical stages" of his state
6  court proceedings violated his right to due process.  (Id.)  That petition was summarily denied.
7  (Resp't's Lod. Doc. 7.)

8        On August 28, 2014, petitioner filed a petition for writ of habeas corpus in this court.  As
9  articulated in the petition, his claims are: (1) the California Supreme Court violated his right to
10 due process when it denied his habeas petition without explaining the reasons for its decision; (2)
11 the California Supreme Court violated his right to due process when it refused to grant his habeas
12 petition; and (3) his appellate counsel rendered ineffective assistance in failing to raise a claim
13 that his plea was involuntary because he was under the influence of pain medication at the time he
14 entered the plea.  Although petitioner's first two claims for relief are phrased in the manner set
15 forth above, in his attached "Memorandum of Points & Authorities" petitioner explains that all
16 three of the claims he raised in his California Supreme Court habeas petition "are all again being
17 raised for review federally hereat."  (ECF No. 1 at 12.)  Throughout his arguments, petitioner
18 refers to these claims and argues they should have been granted by the state courts.  Petitioner has
19 attached as an exhibit to his federal habeas petition a copy of the three habeas claims he raised
20 before the California Supreme Court.  (See ECF No. 1-2.)

21       Although petitioner's allegations are somewhat difficult to decipher, it appears from this
22 court's reading of the entire habeas petition that petitioner intended to raise in the instant petition
23 all three of the claims he raised and exhausted in his California Supreme Court habeas petition.
24 In his answer, however, respondent has addressed only the claims that are specifically articulated
25 on the form petition, described above.  Respondent has not addressed the merits of petitioner's
26 claims that his plea was involuntary and that his trial counsel's absence at "critical stages" of his
27 state court proceedings violated his right to due process.  Good cause appearing, this court will
28 order respondent to file a supplemental answer which addresses those two claims for relief.

1   Accordingly, IT IS ORDERED that within 30 days from the date of this order respondent
2 shall file a supplemental answer which addresses the merits of petitioner's claims that his plea
3 was involuntary because he was under the influence of pain medication at the time he entered the
4 plea, and that his trial counsel's absence at "critical stages" of his state court proceedings violated
5 his right to due process.  <u>See</u> ECF No. 1-2 at 12-31.
6 Dated:  May 17, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE