UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MATTHEW SAYDYK,<br><br>Petitioner,<br><br>v.<br><br>KIMBERLY A. SEIBEL,[1] Warden,<br><br>Respondent. | No. 2:14-cv-2387 MCE DB<br><br><br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a September 27, 2011, guilty plea and resulting sentence entered by the Shasta County Superior Court.  He seeks federal habeas relief on the following grounds: (1) the California Supreme Court violated his right to due process when it denied his habeas petition without explaining the reasons for its decision; (2) the California Supreme Court violated his rights when it refused to grant his habeas petition; (3) his appellate counsel rendered ineffective assistance; (4) his guilty plea was involuntary because he was under the influence of pain medication at the time he entered the plea; and (5) his trial

---

[1] Previously named as respondent was Marion Spearman. The court now substitutes in the correct respondent, the Warden of Chuckawalla State Prison, where petitioner is presently incarcerated. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). See also Smith v. Idaho, 392 F.3d 350, 355-56 (9th Cir. 2004).

1

counsel's absence at "critical stages" of the proceedings violated his right to due process.  Upon careful consideration of the record and the applicable law, the undersigned recommends that petitioner's application for habeas corpus relief be denied.

**I. Background**

Petitioner was convicted by a jury in Shasta County Superior Court case No. 10F2417 of one count of possession of methamphetamine with a prior strike conviction.  Immediately after the jury rendered its verdict, petitioner entered into a plea agreement that: (1) resolved his sentence in case No. 10F2417; (2) resolved Shasta County Superior Court Case No. 10F1359 (involving a 2010 DUI causing injury); and (3) dismissed four other cases.  (Clerk's Transcript on Appeal (CT) at 151-56, 159-63.)  Under the terms of this agreement petitioner agreed to serve nine years in state prison in Shasta County Superior Court case No. 11F1359 and one year, four months in prison on case No. 10F2417.  (Id.)

Petitioner filed an unsuccessful appeal of his conviction for possession of methamphetamine.  People v. Saydyk, No. C069896, 2013 WL 5322685, at *1-2 (Cal. Ct. App. Sept. 24, 2013).  After the California Court of Appeal affirmed his judgment of conviction, petitioner filed a petition for review in the California Supreme Court in which he raised claims that are different from the claims he raises in the instant habeas petition.  (Resp't's Lod. Doc. 4.)  That petition was summarily denied.  (Resp't's Lod. Doc. 5.)

Petitioner subsequently filed a petition for a writ of habeas corpus in the California Supreme Court.  (Resp't's Lod. Doc. 6.)  Therein, petitioner raised the following claims: (1) when he entered into the plea agreement in case No. 10F1359 he was under the influence of prescribed medication and was unable "to have knowingly entered intelligent plea;" (2) his appellate counsel rendered ineffective assistance in failing to challenge his conviction in Case No. 11F1359, and in particular, failing to raise a claim that his guilty plea was involuntarily entered; and (3) his trial counsel's absence at "critical stages" of his state court proceedings violated his right to due process.  (Id.)  That petition was also summarily denied.  (Resp't's Lod. Doc. 7.)

////

////

**II. Standards of Review Applicable to Habeas Corpus Claims**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Greene v. Fisher, ___ U.S. ___, ___, 132 S. Ct. 38, 44 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, ___ U.S. ___, ___, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, ___ U.S. ___, ___, 132 S. Ct. 2148, 2155 (2012)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is

"clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, ___ U.S. ___, ___, 133 S. Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded

5

jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." 562 U.S. at 102. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

## III. Petitioner's Claims

### A. California Supreme Court's Denial of Petitioner's Habeas Petition

In his first ground for relief, petitioner claims that the California Supreme Court violated his right to due process when it denied his habeas petition without explaining the reasons for its decision, in violation of California Rules of Court 4.551.[2] (ECF No. 1 at 8.) In his second ground for relief, petitioner claims that the California Supreme Court violated his right to due process in denying his habeas petition, thereby "[leaving] in place issues of great constitutional weight, according petitioner zero relief." (Id.) In support of his second claim for relief, petitioner attaches a copy of the habeas petition he filed in the California Supreme Court. (ECF No. 1-2.)

#### 1. Failure to Exhaust

It does not appear that petitioner exhausted these claims in state court, insofar as the claims are articulated in his federal habeas petition. Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004). Exhaustion requires a petitioner to "fairly

---

[2] Rule 4.551(g) of the California Rules of Court states: "Any order denying a petition for writ of habeas corpus must contain a brief statement of the reasons for the denial. An order only declaring the petition to be "denied" is insufficient."

present" his claims to the highest court of the state." Cooper v. Neven, 641 F.3d 322, 326-27 (9th Cir. 2011). Petitioner did not include these claims in his petition for review or in his petition for writ of habeas corpus filed in the California Supreme Court. Accordingly, they are unexhausted. However, an application for a writ of habeas corpus "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Assuming arguendo that petitioner's first two claims for relief are unexhausted, this court recommends that they be denied on the merits pursuant to 28 U.S.C. § 2254(b)(2).

### 2. Failure to State a Cognizable Federal Claim

Petitioner's first two claims, taken at face value, fail to state a cognizable federal habeas claim. As explained above, a federal writ is not available for alleged error in the interpretation or application of state law. See Wilson, 562 U.S. at 5; Park, 202 F.3d at 1149. Further, a petitioner may not "transform a state law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997). The California Supreme Court's failure, if any, to comply with California rules of court in denying his habeas petition does not give rise to a cognizable federal claim. Wilson, 562 U.S. at 5. See also Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989) (alleged errors in state post-conviction review process are not addressable through federal habeas corpus proceedings). Accordingly, petitioner's first two claims for relief should be denied.

### B. Ineffective Assistance of Appellate Counsel

In his third ground for relief, petitioner claims that his appellate counsel rendered ineffective assistance in failing to raise a claim that his guilty plea was involuntarily entered because he was under the influence of pain medication at the time he entered the plea. (ECF No. 1 at 8.) He explains that he was "less than conscious and alert" during the plea proceedings and that "such impairment invalidated the plea by having left petitioner not fully knowing for purposes of rendering a constitutionally-required intelligible plea." (Id. at 10.) Petitioner states that "jail records will confirm" that the jail dispensed pain medication to him on the date he entered his plea. (Id. at 13.) He explains that his pain resulted from "injuries sustained in the

DUI offense that is also of-record." (Id.)

Petitioner states that he asked his appellate counsel to raise these issues on appeal. He attaches a letter to his appellate counsel, wherein he informed counsel that during the time he was in jail prior to the entry of his plea he was taking "high potency painkiller" on a "daily basis because of the injuries sustained in my accident." (ECF No. 1-1 at 5.) He also wrote that "during sentencing I was under the influence of narcotic pain medication, and feel now that I didn't make the right decision best for myself." (Id.) He expressed the hope that "some of this information will help you and my appeal." (Id.) Petitioner claims that he asked his appellate counsel to challenge his guilty plea on the grounds that it was incompetently entered but counsel failed to do so.

### 1. Applicable Law

The clearly established federal law governing ineffective assistance of counsel claims is that set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To succeed on a Strickland claim, a defendant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." Id. at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." Id. at 687–88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Richter, 562 at 104 (quoting Strickland, 466 U.S. at 687).

A reviewing court is required to make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 669. See also Richter, 562 U.S. at 107 (same). Reviewing courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. There is in addition a strong presumption that counsel "exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S. at 689). This presumption of reasonableness means that the court

must "give the attorneys the benefit of the doubt," and must also "affirmatively entertain the range of possible reasons [defense] counsel may have had for proceeding as they did." Cullen v. Pinholster, 563 U.S. 170, 196 (2011) (internal quotation marks and alterations omitted).

The Strickland standard applies to claims of ineffective assistance involving counsel's advice during the plea bargain process. Missouri v. Frye, ___ U.S. ___, 132 S. Ct. 1399, 1404-05 (2012); Lafler, 132 S. Ct. at 1376; Padilla v. Kentucky, 559 U.S. 356 (2009); Hill v. Lockhart, 474 U.S. 52, 57-58 (1985); Nunes v. Mueller, 350 F.3d 1045, 1052 (9th Cir. 2003). To prevail on such a claim, a petitioner must demonstrate "'gross error on the part of counsel,'" Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002) (quoting McMann v. Richardson, 397 U.S. 759, 772 (1970)), and that the advice he received from his counsel was "so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the [plea] offer.'" Id. The relevant question is not whether "counsel's advice [was] right or wrong, but . . . whether that advice was within the range of competence demanded of attorneys in criminal cases." McMann, 397 U.S. at 771.

The Strickland standards apply to appellate counsel as well as trial counsel. Smith v. Murray, 477 U.S. 527, 535-36 (1986); Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989). However, an indigent defendant "does not have a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983). Counsel "must be allowed to decide what issues are to be pressed." Id. Otherwise, the ability of counsel to present the client's case in accord with counsel's professional evaluation would be "seriously undermined." Id. See also Smith v. Stewart, 140 F.3d 1263, 1274 n.4 (9th Cir. 1998) (Counsel is not required to file "kitchen-sink briefs" because it "is not necessary, and is not even particularly good appellate advocacy.") There is, of course, no obligation to raise meritless arguments on a client's behalf. See Strickland, 466 U.S. at 687-88 (requiring a showing of deficient performance as well as prejudice). Thus, appellate counsel is not deficient for failing to raise a weak issue. See Miller, 882 F.2d at 1434. In order to establish prejudice in this context, petitioner must demonstrate that, but for appellate counsel's errors, he probably would have

1    prevailed on appeal. Id. at 1434 n.9.

## 2. Failure to Demonstrate Deficient Performance or Prejudice

Petitioner has failed to demonstrate either deficient performance or prejudice with respect to his claim of ineffective assistance of appellate counsel. As set forth above, petitioner provides evidence that he told his appellate counsel he was under the influence of pain medication at the time he entered his plea, and suggested this information might be helpful for his appeal. (ECF No. 1-1 at 5.) Counsel apparently decided not to raise this issue but, instead, to raise issues that he believed, in his professional judgment, had more merit than a claim based on petitioner's statement that he was taking pain medication when he entered his plea. There is no evidence that petitioner advised his appellate counsel he was unable to understand the proceedings or that the pain medication rendered him incapable of entering an involuntary plea.

The United States Supreme Court has stated that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000). This is because "[a] brief that raises every colorable issue runs the risk of burying good arguments - those that, in the words of the great advocate John W. Davis, "go for the jugular." Jones v. Barnes, 463 U.S. 745, 751-52 (1993). Under the circumstances presented here, appellate counsel's decision to focus on other claims was "within the wide range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 771 (1970).

Petitioner has also failed to establish prejudice, or that but for appellate counsel's errors, he probably would have prevailed on appeal on a claim that his plea was involuntary.

Due process requires that a guilty plea be knowing, intelligent and voluntary. Brady v. United States, 397 U.S. 742, 748 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969); United States v. Delgado-Ramos, 635 F.3d 1237, 1239 (9th Cir. 2011). "It goes without saying that a plea must be voluntary to be constitutional." United States v. Kaczynski, 239 F.3d 1108, 1114 (9th Cir. 2001). "A habeas petitioner bears the burden of establishing that his guilty plea was not voluntary and knowing." Little v. Crawford, 449 F.3d 1075, 1080 (9th Cir. 2006) (citing Parke v. Raley, 506 U.S. 20, 31–34 (1992)). "The longstanding test for determining the validity of a guilty

plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)).  "The voluntariness of [a petitioner's] guilty plea can be determined only by considering all of the relevant circumstances surrounding it." Brady, 397 U.S. at 749.

In Blackledge v. Allison, 431 U.S. 63 (1977), the Supreme Court addressed the presumption of verity to be given the record of plea proceeding when the plea is subsequently subject to a collateral challenge.  While noting that the defendant's representations at the time of his guilty plea are not "invariably insurmountable" when challenging the voluntariness of his plea, the court stated that, nonetheless, the defendant's representations, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings" and that "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge, 431 U.S. at 74.  See also Marshall v. Lonberger, 459 U.S. 422, 437 (1983) (plea is presumed valid in habeas proceeding when the pleading defendant was represented by counsel).

"[I]t is the policy of the law to hold litigants to their assurances" at a plea colloquy. United States v. Marrero–Rivera, 124 F.3d 342, 349 (1st Cir. 1997) (citations, internal quotation marks, and alteration omitted).  A petitioner "should not be heard to controvert his Rule 11 statements in a subsequent § 2255 motion unless he offers a valid reason why he should be permitted to depart from the apparent truth of his earlier statement[s]." United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984) (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)).  "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).  See also Muth v. Fondren, 676 F.3d 815, 821 (9th Cir. 2012) ("Other circuits have confronted the question whether a petitioner may rest a collateral challenge on allegations that directly contradict the petitioner's statements and have held that, ordinarily, such petitions must fail); Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy").

The burden of establishing mental incompetence rests with the petitioner. Boag v. Raines, 769 F.2d 1341, 1343-44 (9th Cir. 1985); Lee v. United States, 468 F.2d 906, 907 (9th Cir. 1972); Mealer v. United States, 383 F.2d 849, 849 (9th Cir. 1967). The test of competency for pleading guilty is the same as the competency standard for standing trial; that is, "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him." Godinez v. Moran, 509 U.S. 389, 396 (quoting Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam)). Whether a defendant is capable of understanding the proceedings and assisting counsel depends on "evidence of the defendant's irrational behavior, his demeanor in court, and any prior medical opinions on competence to stand trial." Drope v. Missouri, 420 U.S. 162, 180 (1975). None of these factors is determinative, but any one of them may be sufficient to raise a reasonable doubt about competence. Id. A reviewing court should determine whether a defendant has "the ability to make a reasoned choice among the alternatives presented to him." Miles v. Stainer, 108 F.3d 1109, 1112 (9th Cir. 1997) (quoting Chavez v. United States, 656 F.2d 512, 518 (9th Cir. 1981)).

Here, petitioner initialed and signed a plea waiver form, in which he waived specific constitutional rights and declared that he understood the terms of the plea. He stated that he was "convinced it is in my best interest to enter this plea," that he was entering the plea "voluntarily and of my own free will," and that he was "freely and voluntarily entering this plea." (CT at 154-56.) The trial court found that petitioner was entering his guilty plea "knowingly, intelligently, and voluntarily." (Id. at 156.)

There was a full and complete colloquy between the trial court and petitioner at the time he entered his guilty plea. (Reporter's Transcript on Appeal (RT) at 275-78.) Petitioner stated, among other things, that he had read and understood the change of plea form, that he had sufficient time to discuss the plea with his attorney and had no further questions, and that he was not "under the influence of any medications, alcohol or any controlled substances." (Id.) Petitioner then pled guilty to the charges outlined in the plea agreement. (Id. at 177-78.)

////

Although petitioner claims he was taking pain medication at the time he entered his plea, he provides no evidence that the effects of that medication rendered his statements at the time of the plea colloquy involuntary. Even if the medication petitioner was taking carries possible side effects, nothing in the record indicates that petitioner was confused or uninformed at the time he entered his plea. Rather, petitioner appears to have been lucid and rational. He answered all questions directed to him without any apparent hesitation or lack of comprehension. In short, there is no evidence that petitioner did not enter his guilty plea of his own free will. See Cacoperdo v. Demosthenes, 37 F.3d 504, 510 (9th Cir. 1994) (a conclusory allegation of mental illness without more is not substantial evidence sufficient to raise a reasonable doubt concerning one's competency to stand trial); United States v. Williams, 998 F.2d 258, 267 (5th Cir. 1993) ("Even if true, the bare allegation that he has seen a psychiatrist and taken psychotropic medication, without more, would not suffice to establish reasonable grounds to believe that Williams might be so mentally compromised as to be unable to understand trial proceedings or to assist in his own defense"). See also United States v. Pellerito, 878 F.2d 1535, 1542 (1st Cir. 1989) ("The mere fact that Rivera–Martinez took potentially mood-altering medication is not sufficient to vitiate his plea. There must be some evidence that the medication affected his rationality").

In support of this claim, petitioner cites United States v. Howard, 381 F.3d 873 (9th Cir. 2004). In that case, when asked by the trial judge during the change of plea colloquy whether he was "under the influence of or affected in any way by any . . . narcotic drug of any kind," petitioner stated that he was taking Percocet pain medication. Id. at 876. The trial judge accepted petitioner's guilty plea without inquiring further regarding the drug or its effects on petitioner's ability to enter a voluntary plea. Id. The Court of Appeals for the Ninth Circuit remanded the matter to the district court to hold an evidentiary hearing on petitioner's claim that his trial counsel was ineffective in allowing him to plead guilty when he was under the influence of a powerful narcotic painkiller. In this case, on the contrary, petitioner affirmatively stated that he was not under the influence of any medication and there is no evidence petitioner was unable to enter a voluntary plea.

For the foregoing reasons, petitioner has failed to demonstrate that he probably would have prevailed on a claim that his guilty plea was involuntary had his appellate counsel raised such a claim on appeal. Accordingly, assuming arguendo that appellate counsel was deficient in deciding to forego such a claim and focus instead on the claims he did raise, petitioner has failed to demonstrate counsel's actions resulted in prejudice. Accordingly, petitioner is not entitled to habeas relief on his claim of ineffective assistance of appellate counsel.

**C. Involuntary Guilty Plea**

By order dated May 17, 2016, this court concluded that petitioner was also raising a claim that his guilty plea was involuntary because he was taking pain medication at the time he entered the plea. (ECF No. 21.) In his California Supreme Court habeas petition that was referenced in his federal petition, petitioner claimed that his ingestion of hydrocodone and Elavil "left question" as to his ability to have entered a voluntary guilty plea and "compromised [his] ability" to understand that he was waiving the right to an evidentiary hearing on "a strike issue." (ECF No. 1-2 at 13-14.) Petitioner alleged he was "less than conscious and alert due to said medication taken that morning. (Id. at 14.) As set forth above, there is no evidence before this court that petitioner's pain medication caused him enter an involuntary plea. Accordingly, this claim should be denied.

Petitioner may also be claiming that his trial counsel rendered ineffective assistance in failing to recognize that petitioner's plea was involuntary "due to pain medications" and in failing to "apprise [the] court" of this fact. (ECF No. 1 at 12.) There is no evidence before the court that petitioner's trial counsel knew or had reason to know that petitioner's guilty plea was involuntary because of side effects from pain medication or for any other reason. Accordingly, petitioner has failed to demonstrate his trial counsel rendered deficient performance in failing to "apprise the court" and this claim should also be denied.

**D. Denial of Counsel at Critical Stages of the Proceedings**

This court also determined in the May 17, 2016 order that petitioner was raising a claim that his trial counsel's absence during "critical stages" of his state court proceedings violated his right to due process. (ECF No. 21.) Specifically, petitioner claims that his rights "as per the

14

findings in the U.S. Supreme Court case law, <u>Lafler v. Cooper</u>" were violated when his counsel "relied on substitutions to fill-in for counsel on multiple occasions; substitutes who were ill-prepared to have advised petitioner on plea offers presented on at least four separate occasions." (ECF No. 1-2 at 27-28.) Petitioner claimed that "but for ill-prepared fill-in counsel's erroneous advice" he would have accepted a "lesser plea opportunity than that which ultimately transpired." (<u>Id.</u> at 28.) Petitioner specifically mentions four dates where he "refused plea-offers on advice of ill-prepared fill-in counsel:" February 14, 2011, April 13, 2011, May 15, 2011, and September 29, 2011. (<u>Id.</u>)

The Sixth Amendment provides that "the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. In felony cases, a criminal defendant is entitled to be represented by counsel at all "critical stages" of the prosecution. <u>See Mempa v. Rhay</u>, 389 U.S. 128, 134-37 (1967). The negotiation of a plea bargain and the acceptance of a plea offer are critical stages of a criminal proceeding. <u>Lafler v. Cooper</u>, ___ U.S. ___, 132 S.Ct. 1376, 1392-93 (2012). If a criminal defendant is denied the right to counsel at a "critical stage," prejudice is presumed. <u>United States v. Cronic</u>, 466 U.S. 648, 659 (1984). However, "The Sixth Amendment does not guarantee a 'meaningful relationship' between an accused and his counsel." <u>Larson v. Palmateer</u>, 515 F.3d 1057, 1066 (9th Cir. 2008) (quoting <u>Morris v. Slappy</u>, 461 U.S. 1, 13-14 (1983)).

Petitioner is not complaining that he was unrepresented at the four hearings he specifically mentions. Rather, he states that substitute counsel were "ill-prepared." Accordingly, there is no evidence petitioner was not represented by counsel at any "critical stage" of these proceedings. As noted by respondent, the constitution does not require that a criminal defendant have a pre-existing relationship, or even a meaningful relationship, with his trial counsel.

Nor has petitioner shown that any of the attorneys who appeared for trial counsel of record at the four specified hearings rendered ineffective assistance. In particular, there is no evidence that petitioner rejected any plea offers because of deficient advice from substitute counsel. The record reflects that petitioner was not present at the hearing on February 14, 2011. (CT at 24-25.) On April 13, 2011, petitioner appeared with substitute counsel for a pre-trial hearing, but there is

no evidence in the record as to what petitioner discussed with substitute counsel. (Id. at 37.) On May 16, 2011 (as opposed to May 15, 2011, the date specified by petitioner), petitioner appeared with his trial counsel of record and rejected a plea offer. (Id. at 52, 53.) On August 29, 2011, a date not mentioned by petitioner, petitioner appeared with his trial counsel of record and again rejected a plea offer. (Id. at 78-80.) On September 27, 2011, (two days before the September 29, 2011 date specified by petitioner), petitioner appeared with his trial counsel of record for a scheduled sentencing hearing, during which he accepted a plea offer and was sentenced accordingly. (Id. at 152-56.) In short, petitioner was represented by his counsel of record at all hearings in which the plea agreement was discussed and ultimately accepted.

Petitioner has failed to show that he was denied the right to counsel at a "critical stage" of the proceedings or that he received ineffective assistance of counsel in connection with his acceptance of the prosecution's plea offer. The decision of the California Supreme Court to the same effect is not contrary to or an unreasonable application of clearly established United States Supreme Court authority. Accordingly, petitioner is not entitled to relief on this Sixth Amendment claim.

**IV. Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing

Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: January 18, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:8:orders.prisoner.habeas:saydyk2387.hc